UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADHUKAR DHAS, on behalf of himself and all others similarly situated, | Case No.: _____ |
| Plaintiff(s), | CIVIL ACTION |
| -against- | CLASS ACTION AND DEMAND FOR JURY TRIAL |
| IC SYSTEM, INC., | |
| Defendant(s). | |

**COMPLAINT**

**I.   PRELIMINARY STATEMENT**

1. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, IC SYSTEM, INC. ("IC SYSTEM") by and through their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.   JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district and at least one of the Plaintiffs resides in this jurisdiction.

**III.    PARTIES**.

4. Plaintiff is a natural person, resides in Philadelphia County, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5. IC SYSTEM has a location at 444 Highway 96 E, Saint Paul, Minnesota 55127.

6. Upon information and belief, IC SYSTEM uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

7. IC SYSTEM is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

8. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

**IV.    STATEMENT OF FACTS**

9. Plaintiff is, at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Sometime prior to August 5, 2020, Plaintiff allegedly incurred a financial obligation ("OBLIGATION") for which IC SYSTEM reported information to one or more national credit reporting agencies.

11. The OBLIGATION arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

12. Plaintiff incurred the OBLIGATION by obtaining goods and services which were primarily for personal, family and household purposes.

13. Plaintiff did not incur the OBLIGATION for business purposes.

14. The OBLIGATION is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. At some time prior to August 5, 2020, the OBLIGATION was placed with IC SYSTEM for the purpose of collection.

16. At the time the OBLIGATION was placed with IC SYSTEM for the purpose of collection, the balance was past due.

17. At the time the OBLIGATION was placed with IC SYSTEM for the purpose of collection, the obligation was in default.

18. Plaintiff caused to be delivered to Defendant a letter dated August 5, 2020, which were addressed to Defendant.  SEE **Exhibit A,** which is fully incorporated herein by reference.

19. The August 5, 2020 letter was sent to Defendant in connection with the collection of the OBLIGATION.

20. The August 5, 2020 letter which was sent to the Defendant stated in part:

> RE:   Madhukar Dhas
> Creditor:  ATT DIRECTTV
> Alleged Amount Due: $643
>
> Please be advised that I dispute the above debt.

21. After the date of the dispute, Defendant knew or should have known that the credit information concerning the OBLIGATION would be communicated to creditors and other persons.

22. The credit information communicated to these creditors and other persons did not indicate that the OBLIGATION was disputed.

23. The credit information communicated to these creditors and other persons concerning the OBLIGATION was false.

24. Defendant failed to communicate to any person that the OBLIGATION is disputed.

25. Since August 5, 2020, Defendant has communicated to at least one person, credit information which is known or should be known to be false.

26. IC SYSTEM knew or should have known that its actions violated the FDCPA.

27. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### POLICIES AND PRACTICES COMPLAINED OF

28. IC SYSTEM's failure to report a disputed debt as such violates the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Failing to communicate that a disputed debt is disputed; and

   (c) Using a false representation or deceptive means to collect or attempt to collect a debt.

29. On information and belief, Defendant engaged in the practices described herein, to at least 50 natural persons within Pennsylvania within one year of this Complaint.

### V. CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all Pennsylvania consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

31. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers for whom Defendant communicated to any person credit information which is known to be false and/or for whom Defendant failed to communicate to any person that a disputed debt was disputed as set forth herein.

The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

32. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a) Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were harmed by the Defendant's conduct in violation of the FDCPA. Plaintiff is complaining about a standard conduct;

   b) There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692e; 1692e(8); and 1692e(10) *et seq*.

   ii. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

      iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

c) Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d) Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

e) Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

f) A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g) A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

      h) Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

33. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

34. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

35. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

36. By failing to communicate that the OBLIGATION was disputed to one or more of the credit reporting bureaus, Defendant engaged in a false, deceptive or misleading representation or means in connection with the collection of the debt.

37. Defendant violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character or legal status of the debt.

38. By failing to communicate that a disputed debt was disputed, Defendant made a false representation of the character or legal status of the debt.

39. By communicating credit information which is known to be false or should be known to be false, Defendant made a false representation of the character or legal status of the debt.

40. Section 1692e(8) of the FDCPA prohibits a debt collector from communicating to any person credit information which is known to be false or should be known to be false, including the failure to communicate that a disputed debt is disputed.

41. Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating to any person credit information which is known to be false or should be known to be false.

42. Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to any person that the OBLIGATION was disputed.

43. Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to one or more of the credit reporting bureaus that the OBLIGATION was disputed.

44. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

45. By failing to communicate that the OBLIGATION was disputed as described herein, Defendant engaged in a false representation or deceptive means to collect or attempt to collect the debt.

46. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

47. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

48. Plaintiff and others similarly situated have a right to have the Defendant abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692e(8).

49. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

50. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

51. Defendant's failure to act as described herein caused harm to the credit of Plaintiff and others similarly situated.

## DEMAND FOR TRIAL BY JURY

52. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

b. Awarding Plaintiff and the Class statutory damages;

c. Awarding Plaintiff and the Class actual damages;

d. Awarding pre-judgment interest;

e. Awarding post-judgment interest.

f. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

g. Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 16, 2021

                    *s/ Robert P. Cocco*
                    Robert P. Cocco, Esq. (Pa. I.D. no. 61907)
                    Law Offices of Robert P. Cocco, P.C.
                    1500 Walnut Street, Suite 900
                    Philadelphia, Pennsylvania 19102
                    (215) 351-0200 telephone

(215) 827-5403 facsimile

# EXHIBIT A

MADHUKAR DHAS
1118 LOMBARD ST, 9
PHILADELPHIA, PA - 19147

August 5, 2020

I C System, Inc.
444 Highway 96 E
Saint Paul, MN 55127-2557

  RE: Madhukar Dhas
     Creditor: ATT DIRECTV
     Alleged Amount Due: $ 643

Dear Sir or Madam:

    Please be advised that I dispute the above debt. I also request verification of same. The verification should include proof of the balance you claim is due, which should include a breakdown of that balance.

    I also elect that any claim against me for the above debt be submitted to arbitration rather than court.

    Lastly, you are notified to cease all further attempts to reach me via any telephone number you may have.  Any such authorization that you believe you have is hereby revoked. All further communications shall be in writing only.

Sincerely yours,

*Madhukar Dhas*